IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ANGELO MANGINE,          )
No. 08244-029,                  )
                                )
Petitioner,                     )
                                )
     vs.                        )     Case No. 18-cv-1030-DRH
                                )
WILLIAM TRUE,                   )
                                )
Respondent.                     )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Robert Angelo Mangine filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), claiming that his sentence was improperly enhanced under the career-offender provisions of the United States Sentencing Guidelines (USSG), based on a prior Iowa second-degree burglary conviction. He relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss. (Doc. 15). Petitioner responded to the motion at Doc. 18.

### Relevant Facts and Procedural History

After a jury trial, Mangine was convicted in the Northern District of Iowa of possession of a firearm as a felon (Count 2), two counts of drug distribution (Counts 4 and 5), and carrying a firearm in relation to a drug trafficking offense (Count 3). In September 2001, he was sentenced to a total of 420 months imprisonment. The sentence consists of concurrent sentences on the drug and

1

felon in possession counts totaling 360 months (Counts 2, 4, & 5), followed by a consecutive 60-month sentence on the possession of a firearm in furtherance of a drug trafficking offense (Count 3). *United States v. Mangine*, Case No. 00-cr-2005-LRR, Doc. 153 (N.D. Iowa, September 18, 2001).

At sentencing, the court observed that the conspiracy to distribute conviction (Count 4) had a sentencing range of ten years up to life. (Doc. 14-1, p. 1, in *Mangine v. United States*, Case No. 15-cv-189-DRH-CJP).[1] Count 3 carried a mandatory consecutive five-year sentence. The court found that Mangine's prior convictions (Florida burglary and Iowa burglary) qualified him to be sentenced as a career offender, for an offense level of 37 and criminal history category of VI, yielding a range of 360 months to life. *Id.* at p. 4; (see also Doc. 16-1, pp. 3-8, 14, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶¶ 55-83 and 93-94)); USSG § 4B1.1. Mangine's sentence became final before the Sentencing Guidelines were held to be only advisory in *U.S. v. Booker*, 543 U.S. 220 (2005).

Mangine filed a direct appeal, but did not raise a challenge in that proceeding regarding the application of § 4B1.1, or any other sentencing issue. The Eighth Circuit Court of Appeals affirmed the convictions. *United States v. Mangine*, 302 F.3d 819 (8th Cir. 2002). Mangine did not file a petition for certiorari.

In 2014, Mangine filed a motion pursuant to 28 U.S.C. § 2255, arguing that

---

[1] *Mangine v. United States*, Case No. 15-cv-189-DRH-CJP (S.D. Ill.) is an earlier habeas action brought in this Court under § 2241. In that case, the Government filed a portion of the sentencing hearing transcript (Doc. 14-1) and a lengthy excerpt from Mangine's Presentence Investigation Report (Doc. 16-1), which is a sealed document in this Court's docket.

in light of *Descamps v. United States*, 570 U.S. 254 (2013), his Florida burglary conviction was improperly categorized as a crime of violence for purposes of the § 4B1.1 enhancement. *Mangine v. United States*, Case No. C14-2025-LRR (N.D. Iowa). The § 2255 motion was dismissed as untimely. Notably, in the order denying the § 2255 motion, the sentencing court observed that:

> [R]egardless of whether the court found the movant to be a career offender under USSG §4B1.1, the movant still faced a sentencing guidelines range of 360 months to life. Stated differently, the application of the other guideline provisions resulted in a total offense level of 39 and a criminal history of V, which results in a sentencing guidelines range of 360 months to life. And, the court arrived [at] a total sentence of 420 months imprisonment because the movant's conviction under 18 U.S.C. § 924(c)(1)(A) required the court to impose a consecutive sentence of 60 months imprisonment to the sentence of 360 months imprisonment imposed on count 4.

(Doc. 2, p. 2, n.1, in Case No. C14-2025-LRR (N.D. Iowa June 17, 2014)).

In February 2015, Mangine filed a § 2241 petition in this Court, again challenging the use of his Florida burglary conviction as a predicate offense to enhance his sentence as a career offender. *Mangine v. United States*, Case No. 15-cv-189-DRH-CHP. This Court dismissed the petition, finding that *Descamps* did not announce a new rule of statutory interpretation, but instead reaffirmed the analysis set forth in *Taylor v. United States*, 495 U.S. 575 (1990). As such, the arguments that the Florida burglary statute under which Mangine was convicted was broader than generic burglary, and that the sentencing court erred in its application of the "modified categorical approach," were available for him to have raised in a timely-filed § 2255 motion. (Doc. 19 in Case No. 15-cv-189-DRH-CHP).

In 2016, Mangine sought authorization to file a second/successive § 2255 motion from the Eighth Circuit Court of Appeals; his request was denied on October 23, 2017. (Doc. 13 in Case No. C14-2025-LRR (N.D. Iowa)).

Mangine filed the instant Petition on April 30, 2018.

### Grounds for Habeas Relief

Mangine argues that his Iowa second-degree burglary conviction does not qualify as a predicate "violent felony" under the career-offender enhancement section of the USSG, in light of the retroactive application of *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016). *Mathis* held that Iowa's second-degree burglary statute was broader than "generic burglary," so Mathis' conviction under the Iowa statute could not be used as a predicate offense for an enhanced sentence under the Armed Career Criminal Act ("ACCA").

Mangine asserts that the Iowa burglary was still considered a "crime of violence" in the Eighth Circuit during the time he could have filed a timely collateral attack. (Doc. 1, p. 11). He contends that without the career-offender enhancement, his sentencing range would have been 324-405 months, rather than 360-to-life. Because he was sentenced pre-*Booker* under the mandatory application of the Guidelines, Mangine claims that he is entitled to be re-sentenced in light of the lower, now advisory, Guideline range. (Doc. 1, pp. 11-14).

### Motion to Dismiss

Respondent argues that the Petition fails to bring Mangine's claim within

4

the savings clause of 28 U.S.C. § 2255(e), because he cannot establish that his sentence exceeded the term of incarceration permitted by law, thus no miscarriage of justice occurred. (Doc. 15, pp. 4-10). Respondent further contends that Mangine's argument that Amendment 782 to the USSG allows this Court to reduce his offense level from 39 to 37 cannot be brought in a § 2241 petition, but must be presented to the trial court via a motion for sentence reduction under § 3582. (Doc. 15, pp. 10-12).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant

guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

6

*See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent does not dispute that *Mathis* is a statutory-interpretation case, retroactively applicable on collateral review, and assumes for the purposes of his motion to dismiss that Mangine could not have invoked *Mathis* in his first § 2255 motion. (Doc. 15, p. 6). Rather, Respondent argues that Mangine cannot meet the third *Davenport* factor – a showing that a fundamental defect in his sentence was grave enough to amount to a miscarriage of justice.

The record in Mangine's case reveals that his sentence was not improperly lengthened as a result of the career-offender calculation of his sentencing range under USSG § 41.1.

In preparing the PSI Report, the probation officer grouped Counts 4 and 5 (the drug distribution convictions) together. She calculated Mangine's base offense level under USSG § 2D1.1 and § 2D1.2(a)(1) as 35 based on the drug quantity and the fact that distribution occurred near a school, then added 4 points pursuant to USSG § 3B1.1(a) for his role as leader/organizer, for an adjusted offense level of 39. (Doc. 16-1, pp. 3-5, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶¶ 55-61)). This level of 39 exceeded the offense level of 28 for Count 2 (felon in possession of firearms). (Doc. 16-1, pp. 5-6, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶¶ 62-76)).

The report then calculated Mangine's career-offender level under USSG § 4B1.1. (Doc. 16-1, pp. 6-7, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report

7

¶¶ 77-80)). Starting with the instant controlled substance convictions (Counts 4 and 5), the report noted that Count 4 had a maximum penalty of life imprisonment, while the maximum for Count 5 was 20 years. (Doc. 16-1, p. 7, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶ 78)). Pursuant to the table at § 4B1.1, the life imprisonment offense directed an offense level of 37 for career-offender purposes. However, since the non-career-offender offense level for these same counts (4 & 5) under USSG § 2D1 and § 3B1.1(a) had already been calculated at 39, that higher level "also becomes his offense level as a career offender pursuant to the instructions in U.S.S.G. § 4B1.1." *Id.* Therefore, Mangine's offense level as a career offender was raised from 37 to 39, by virtue of the calculation of a 39 offense level under the drug offense section of the USSG, which did not take into consideration Mangine's prior convictions. Respondent is correct in observing that Mangine's offense level of 39 was driven by USSG Chapter 2, rather than by the career offender provision at § 4B1.1. (Doc. 15, p. 6).

Turning to the criminal history calculation, the report placed Mangine in Criminal History Category V based on his prior arrest record. (Doc. 16-1, p. 14, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶ 93)). However, under USSG § 4B1.1, his status as a career offender required him to be placed in Criminal History Category VI. (Doc. 16-1, p. 14, in Case No. 15-cv-189-DRH-CJP (sealed PSI Report ¶ 94)). The sentencing table (USSG Ch. 5 Pt. A) yielded a guideline range of 360-life for offense level 39, for both Criminal History Category V and

Category VI.[2] In other words, Mangine faced the same 360-life sentencing range, whether or not he was categorized as a career offender. The sentencing court recognized this fact in its comment appended to the order denying Mangine's § 2255 motion: "[R]egardless of whether the court found the movant to be a career offender under USSG §4B1.1, the movant still faced a sentencing guidelines range of 360 months to life." (Doc. 2, p. 2, n.1, in *Mangine v. United States*, Case No. C14-2025-LRR (N.D. Iowa).

Because Mangine was subject to a sentence ranging from 360 months to life, without regard to any error that might have occurred in categorizing him as a career offender under USSG § 4B1.1, he cannot demonstrate that his sentence was the result of a wrongly-applied career-offender enhancement. Nor can he show that his sentence "exceed[ed] that [which is] permitted by law," or that the sentence "constitutes a miscarriage of justice." *See Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011). His total sentence of 420 months (consisting of a bottom-of-the-range 360 months for Count 4, plus the mandatory-consecutive 60-month sentence for Count 3) was well within the Guideline range of 360 months to life.

Mangine is not entitled to relief under the umbrella of § 2241, because he fails to meet the third condition to bring his case within the savings clause of § 2255(e). There was no "fundamental defect" in his sentence, and no miscarriage of justice occurred. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013);

---

[2] Further, the same 360-life range would be applicable if, as the sentencing court noted in the transcript, Mangine's offense level had been 37 with a Criminal History Category of VI. USSG Ch. 5 Pt. A; (Doc. 14-1, p. 4, in Case No. 15-cv-189-DRH-CJP).

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Having reached this conclusion, it is not necessary to discuss Mangine's arguments regarding the factors to be applied if he were to be resentenced, or the possible application of any amendments to the Guidelines. (Doc. 1, pp. 12-15; Doc. 18, pp. 2-3, 7-9; see also Doc. 15, pp. 10-12).

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 15) is **GRANTED**.

Mangine's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to

Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.27
07:36:04 -05'00'

**United States District Judge**