IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ANGELO MANGINE,           )
No. 08244-029,                   )
                                 )
Petitioner,                      )
                                 )
    vs.                          )    Case No. 18-cv-1030-DRH
                                 )
WILLIAM TRUE,                    )
                                 )
Respondent.                      )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner Mangine's Motion to Vacate Judgment (Doc. 21), filed on November 15, 2018. He challenges this Court's October 29, 2018, order granting Respondent's motion to dismiss the action (Doc. 19).

## Applicable Legal Standards

Petitioner invokes both Federal Rule of Civil Procedure 59 and Rule 60(b) as the basis for relief. (Doc. 21, p. 1). Different standards and timetables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A Rule 59(e) motion must be filed within 28

1

days of the challenged order; this strict time limit cannot be extended. *See* FED. R. CIV. P. 6(b)(2); 59(e).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). A motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1).

## Discussion

In Petitioner's case, his motion was filed within 28 days of the entry of judgment, thus Rule 59(e) applies. As grounds for vacating the judgment, Petitioner

asserts that "it was error for the district court to find no 'miscarriage of justice' by speculating that Petitioner would receive the same sentence as a pre-*Booker* career offender *contra* authority in this and other Circuits." (Doc. 21, p. 4). This characterization of the Court's order completely misses the mark.

This Court did not "speculate" that Petitioner, if he were resentenced today without the career-offender enhancement, would receive the same sentence he got in 2001. Instead, the Court examined the original calculations under the sentencing guidelines that were in force at the time of Petitioner's conviction, which demonstrated that even if the career-offender-enhanced guidelines (pursuant to USSG § 4B1.1) were ignored, Petitioner faced the identical sentencing range (360 months to life) based solely on his drug distribution convictions (Chapter 2 of the USSG). (Doc. 19, pp. 7-9). In fact, as Petitioner acknowledges in his motion, his total offense level of 39 was based on the non-career-offender calculation. (Doc. 21, p. 5; Doc. 19, p. 7). The mandatory-consecutive 60 months for Petitioner's firearm offense applied, regardless of the trial court's decision on the sentence to be imposed on the drug convictions.

Petitioner falsely claims in a footnote that "Today, *as the Court acknowledged*, without the career offender enhancement, his sentencing range would be '324-405 months.'" (Doc. 21, p. 7, n.\*\*, quoting Doc. 19, p. 4, Page ID #93) (emphasis added). The Court did *not* "acknowledge" that a range of 324-405 months would have been applicable, either today or at the time Petitioner was originally sentenced. Instead, the Court was summarizing *Petitioner's* assertions

3

set forth in the original Petition. The Court's statement was, "He [Petitioner] contends that without the career-offender enhancement, his sentencing range would have been 324-405 months, rather than 360-life." (Doc. 19, p. 4). As was obvious in the Court's reasoning set forth in the order, the Court never accepted Petitioner's argument on this point. Petitioner is warned to refrain from mischaracterizing the Court's statements in the future, lest he incur sanctions.

Because Petitioner's guideline sentencing range was calculated at 360 months to life, without regard to the career-offender provisions, and because Petitioner was sentenced to the minimum under that range (360 months, plus the additional mandatory-consecutive 60), his Petition failed to demonstrate any miscarriage of justice in his sentencing. (Doc. 19, pp. 8-9). *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not provide Petitioner with any grounds for habeas corpus relief, and he is not entitled to have his sentence vacated in this § 2241 proceeding. That is why the Court did not further discuss Petitioner's arguments on how he might be resentenced, or whether later amendments to the sentencing guidelines might apply in a resentencing proceeding. (*See* Doc. 21, pp. 5-6).

Petitioner's arguments and cited authorities do not reveal any error of law or fact in this Court's denial of his Petition for habeas relief. Therefore, he fails to set forth any grounds under Rule 59(e) to vacate the judgment. Nor has he stated any grounds for relief within the scope of Rule 60(b). The motion to vacate judgment shall accordingly be denied.

### Request to Proceed *In Forma Pauperis* on Appeal

Petitioner requests that if this Court denies his motion, he should be granted "a certified 'good faith' appeal, under *in forma pauperis* status." (Doc. 21, p. 1). This request is premature. Petitioner has not yet filed his Notice of Appeal in this matter, which is entirely proper since the pendency of the instant motion suspended his deadline for filing the Notice. The denial of the instant motion restarts the time frame in which the Notice of Appeal must be filed, as set forth below. Further, Petitioner must submit a proper motion if he wishes to proceed *in forma pauperis* ("IFP") on appeal. If he files a motion for leave to appeal IFP, that motion must set forth the issues Petitioner plans to present on appeal, as well as demonstrate his indigency.

### Disposition

Upon review of the record, the Court remains persuaded that its ruling granting Respondent's motion to dismiss the Petition (Doc. 19) was correct. Therefore, the Motion to Vacate Judgment (Doc. 21) is **DENIED**.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this court within 60 days of the date of this order. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the

5

outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this Petition brought under § 2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.12.03
12:04:04 -06'00'

**United States District Judge**